UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY FLETCHER, et.al.,
   Plaintiff,

vs.                                  No. 09-1024

JOSEPH MATHEY, et. al,
   Defendants

CASE MANAGEMENT ORDER #2

     This cause is before the court for case management. On January 21, 2009, the court received a complaint that purported to be filed on behalf of "Pontiac Correctional Center, Inmate Segregation Class." (Comp, p. 1) The complaint was signed only by Plaintiff Anthony Fletcher and only Plaintiff Fletcher had filed a motion to proceed *in forma pauperis*. However, Plaintiff Fletcher had also identified six other specific plaintiffs at the conclusion of the complaint including: Bruno Ernst, Perry Brisby, Julio Degante, Jeremiah Fallon, Timothy Kyles and Charles Scott. In addition, many of these individuals has submitted affidavits confirming the claims in the complaint. ( Plain. Comp.)

     On March 5, 2009, the court entered an order stating that it was unclear if any plaintiff besides Plaintiff Fletcher intended to join this lawsuit. March 5, 2009 Court Order. The court instructed the named individuals that if they wished to join the lawsuit, they must either pay the filing fee or file a motion to proceed *in forma pauperis* within 14 days. *Id.* All the named plaintiffs have responded with motions to proceed *in forma pauperis*.

     The court also advised the plaintiffs on March 5, 2009, that it would not certify this lawsuit as a class action. March 5, 2009 Court Order, p. 2. Therefore, the case will now proceed with the seven named plaintiffs: Fletcher, Ernst, Brisby, Degante, Fallon, Kyles and Scott.

     The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiffs have filed their lawsuit against nine defendants at the Pontiac Correctional Center including Warden Joseph Mathy; Assistant Warden Marcus Hardy; Lieutenants Deathridge, Prentece and Taylor; Sergeant Brown and Correctional Officers Paul, Penny

Salzman, and Kremer.  As the court previously noted, the plaintiffs allege that from January 9, 2009, to the filing of the complaint on January 18, 2009, the defendants failed to provide adequate heat to North Cell House inmates.  The complaint states that inmates repeatedly told staff that the steam pipe that controls heat had begun to leak water on the motor of the food service elevator.  This caused the elevator to malfunction.  In order to use the elevator to transport food trays, the defendants chose to turn off the heat.  The plaintiffs say the temperatures during this time period ranged from below zero to 18 degrees.  Nonetheless, the defendants still refused to move inmates to another location and refused to provide extra blankets, hats, gloves, etc.

The complaint also alleges that all of the inmates suffered due to the cold temperatures and were unable to leave their beds.  In addition, the plaintiffs claim they were denied medical treatment during this time period.

The plaintiffs have clearly alleged that the defendants have violated their Eighth Amendment rights based on the lack of heat and living conditions in their cell house.  The plaintiffs will have to clearly state the involvement of each defendant during the discovery process.   It is also possible the plaintiffs have a separate Eighth Amendment claim based on the denial of medical care.  However, each plaintiff will have to demonstrate they suffered from a serious medical condition during this time frame to proceed on this allegation.

**IT IS THEREFORE ORDERED:**

**1) This case will proceed with Plaintiffs Fletcher, Ernst, Brisby, Degante, Fallon, Kyles and Scott.  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiffs state the following federal claims:**

> **a) the defendants violated the plaintiffs Eighth Amendment rights based on the living conditions in the North Cell House in January of 2009; and,**
>
> **b) the defendants violated the plaintiffs Eighth Amendment rights when they were deliberately indifferent to the plaintiffs serious medical conditions.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 4th Day of May, 2009.


**s\Harold A Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE